AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Columbia

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| MASOUD KHAN | ) | Case Number: 19-07 (TSC) |
| | ) | USM Number: 35410-016 |
| | ) | David Benowitz |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of the Information filed on Janaury 4, 2019.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

**FILED**

**AUG 15 2019**

Clerk, U.S. District and
Bankruptcy Courts

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1001(a)(2) | False Statements Involving International Terrorism. | 8/10/2017 | 1 |

The defendant is sentenced as provided in pages 2 through   9   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)         ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/13/2019
Date of Imposition of Judgment

Signature of Judge

Tanya S. Chutkan                    U.S. District Judge
Name and Title of Judge

8/15/2019
Date

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment -- Page  2  of  9

DEFENDANT: MASOUD KHAN
CASE NUMBER: 19-07 (TSC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

TWENTY (20) MONTHS ON COUNT ONE (1).

☑ The court makes the following recommendations to the Bureau of Prisons:

1. That Defendant be incarcerated at the BOP facility with violent extremism treatment closest to the DC Metropolitan area.
2. That Defendant participate in any available educational and vocational programs offered by the Bureau of Prisons.
3. That Defendant participate in any available parenting programs offered by the Bureau of Prisons.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at                ☐ a.m.   ☐ p.m.   on

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  ☐ before 2 p.m. on

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on                                 to
at                              , with a certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 2A — Imprisonment

Judgment—Page 3 of 9

DEFENDANT: MASOUD KHAN
CASE NUMBER: 19-07 (TSC)

## ADDITIONAL RECOMMENDATIONS TO BUREAU OF PRISONS

4. That Defendant participate in any available treatment for extremism offered by the Bureau of Prisons.
5. That Defendant participate in any available mental health treatment programs, to include treatment from someone is specializes in mental health offered by Bureau of Prisons.

AO 245B (Rev 02/18) Judgment in a Criminal Case
Sheet 3 — Supervised Release

AO 245B (Rev 02/18) Judgment in a Criminal Case
    Sheet 3 — Supervised Release

Judgment—Page 4 of 9

DEFENDANT: MASOUD KHAN
CASE NUMBER: 19-07 (TSC)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
THIRTY-SIX (36) MONTHS ON COUNT ONE (1).

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 3A — Supervised Release

DEFENDANT: MASOUD KHAN
CASE NUMBER: 19-07 (TSC)

Judgment—Page   5   of   9

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature                                                                                                   Date

AO 245B (Rev 02/18) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment--Page 6 of 9

DEFENDANT: MASOUD KHAN
CASE NUMBER: 19-07 (TSC)

## SPECIAL CONDITIONS OF SUPERVISION

1. You must participate in an inpatient and/or outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.)

2. You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3. You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

4. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

5. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the United States Attorney's Office.

6. You must complete 250 hours of community service. The probation officer will supervise the participation in the program by approving the program (agency, location, frequency of participation, etc.). You must provide written verification of completed hours to the probation officer.

7. You must not associate, communicate, or otherwise interact, with any known member of the ISIS or ISOL organization, or any other known or unknown terrorist organization. This includes persons who are, or claim to be, involved with violent acts, or advocating for acts of violence, and any persons who are located outside the United States without the approval of the probation officer.

8. You shall not access, view or use any online social media, chat services, blogs, instant messages, SMS, MMS, digital photos, video sharing websites, emails or any other interactive, online or electronic communication applications or sites without the approval of the probation officer.

9. You shall not use any telecommunications application software product, such as Skype, Discord, TeamSpeak, intelligent personal assistant services, or any other software that specializes in providing chat and voice calls between desktops, laptops, mobile devices (e.g. tablets, cellphones), smartwatches, gaming systems, smart televisions, smart speakers, smart appliances, private servers, or any other high-speed data processing device performing logical, arithmetic, or storage functions.

10. You must not enroll in any type of educational program without the prior approval of the probation officer.

11. You shall seek the prior approval of the probation office in order to possess or use any device that can access the internet. This includes desktops, laptops, mobile devices (tablets), smartwatches, gaming systems, smart televisions, smart speakers, smart appliances, private servers, or any other high-speed data processing device performing logical, arithmetic, or storage functions.

12. You must not access the Internet except for reasons approved in advance by the probation officer.

13. You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. This includes desktops, laptops, mobile devices (e.g. tablets, cellphones), smartwatches, gaming systems, smart televisions, smart speakers, smart appliances, private servers, or any other high-speed data processing device performing logical, arithmetic, or storage functions. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

AO 245B(Rev. 02/18) Judgment in a Criminal Case
Sheet 3D — Supervised Release

DEFENDANT: MASOUD KHAN
CASE NUMBER: 19-07 (TSC)

## SPECIAL CONDITIONS OF SUPERVISION

14. You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use. This includes desktops, laptops, mobile devices (e.g. tablets, cellphones), smartwatches, gaming systems, smart televisions, smart speakers, smart appliances, private servers, or any other high-speed data processing device performing logical, arithmetic, or storage functions.

15. You must submit to periodic polygraph testing at the discretion of the probation officer to ensure that you are following the requirements of your supervision or treatment program. The polygraph administrator shall be trained in dealing with people with mental health issues.

16. You shall submit your person, residence, office, vehicle, or an area under your control to a search conducted by the probation officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation. The defendant shall warn any other residents or third parties that the premises and areas under the defendant's control may be subject to searches pursuant to this condition.

17. You must attend violent extremism counseling from providers, which may include religious providers, as directed by the US Probation Office. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

18. To the extent you use a foreign language to access or communicate verbally, over a monitored computer or other device, you agree that:
- - You notify probation when you are communicating with anyone in a foreign language, unless approved by the probation officer (e.g. relatives who do not speak English).
- - You will pay for any translations by a third party selected by the probation officer.
- - You consent to allow the FBI to review any foreign language materials and provide translations to the probation officer.

19. You shall continue to cooperate with the government including, providing information and evidence to law enforcement officers and prosecutors and testifying, as needed, before grand juries and trials.

20. You will be monitored by the form of location monitoring technology indicated below for a period of 180 days, and you must follow the rules and regulations of the location monitoring program. The cost of the program is waived. Location monitoring technology at the discretion of the probation officer, including: Radio Frequency (RF) Monitoring; GPS Monitoring (including hybrid GPS); or Voice Recognition This form of location monitoring technology will be used to monitor the following restriction on your movement in the community: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer (Home Detention).

21. You are prohibited from traveling within the United States and/or to any foreign country, without the approval of the Court.

22. You shall follow the agreed upon family plan of counseling, which includes bi-weekly sessions with your brother-in-law and a year of counseling with Safiya Samman.

AO 245B (Rev 02/18) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

Judgment — Page 8 of 9

DEFENDANT: MASOUD KHAN
CASE NUMBER: 19-07 (TSC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g)

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 02/18) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 9 of 9

DEFENDANT: MASOUD KHAN
CASE NUMBER: 19-07 (TSC)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than , or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $ over a period of *(e.g., months or years)*, to commence *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $ over a period of *(e.g., months or years)*, to commence *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs